UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FLOTEK INDUSTRIES, INC, *et al*, | § § | CIVIL ACTION NO. 4:19-cv-04869 |
| Plaintiffs, | § | |
| | § | |
| | § | |
| vs. | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| GUIDE ENERGY | § | |
| SOLUTIONS LLC, *et al.*, | § | |
| Defendants. | § | |

## ORDER

Before the Court is Plaintiff Flotek Industries' ex parte motion for temporary restraining order and preliminary injunction. Dkt 5.

Upon consideration, the Court denies the request for temporary restraining order. The Court reserves judgment on the request for preliminary injunction until after service of process and hearing.

### 1. Background

Flotek is in the oilfield chemical technologies business. Defendants Cody Coomer, Cody Sutton, Hasnain Saboowala, and Justin Vaughn are former employees of Flotek. Flotek alleges that they misappropriated its confidential business information and trade secrets. Flotek also alleges that they are at the helm of a new competitor, Defendant Guide Energy Solutions, LLC, in violation of their noncompete agreements.

Defendants resigned from Flotek in April 2019. Dkt 5 at 5. Flotek has apparently been aware of the concerns at the heart of its now-requested emergency relief for quite some time.

In August 2019, four months after resignation and four months prior to seeking relief, "Flotek learned of Guide Energy Solutions via its profile on LinkedIn." Id at 14. The LinkedIn profile page included a picture of Coomer participating in Guide Energy safety training. "It then became apparent that Coomer had violated" his noncompete agreement, Flotek asserts. Id at 15. Certain Flotek employees connected to individual defendants on LinkedIn were also able to see each time they "liked" or "shared" a post made by Guide Energy. Dkt 5-18 at 7–8. That activity would show up on the Flotek employees' LinkedIn newsfeed pages—meaning that Flotek was aware of LinkedIn posts about Guide Energy without having to visit the Guide Energy page directly. Ibid.

Flotek's motion indicates the extent and duration of its detailed knowledge: "In August and September 2019, two invoices from a third party data analytics provider, attentioned to Saboowala on behalf of Guide Energy, were inadvertently sent to his old Flotek email address (still maintained and monitored by Flotek), making it clear that Saboowala was also part of the secret scheme relating to Guide Energy." Dkt 5 at 17.

In June 2019, Flotek had provided a price quote to one of its customers. Later in September, that customer informed Flotek that it would purchase products from Sutton and his company. Dkt 5-18 at 12.

By October 2019, Guide Energy had posted on its LinkedIn profile page a photograph of Vaughn, Coomer, and Sutton. Dkt 5 at 16.

Flotek's motion obscures the date, but also asserts that it conducted an internal investigation of the individual defendants' activities leading up to their resignations. Id at 5. Through this investigation, Flotek allegedly discovered that some of them had transmitted to and stored on their personal Dropbox and email accounts highly confidential and proprietary information of Flotek relating to customer lists, contact information, financial projections, sales volume, and pricing. Id at 5–6. Investigation of Guide Energy revealed that it was formed two days after Coomer and Sutton resigned from Flotek, that it is a direct competitor of

Flotek, and that it was already offering competing products and services three months after formation. Id at 15–16.

On December 16, 2019, Flotek filed the instant action against its former employees and Guide Energy. Flotek asserts violations under the Trade Secrets Act, the Texas Uniform Trade Secret Act, and various Texas common law causes of action including breach of contract. Dkt 1 at 40–57. The same day, Flotek filed this ex parte motion for a temporary restraining order and preliminary injunction. Dkt 5. Broadly speaking, Flotek requests that defendants refrain from destroying, deleting, moving, or altering documents or evidence relating to Flotek; return any and all confidential Flotek information; and refrain from using any Flotek confidential information.

### 2. Legal standard

Flotek requests both an ex parte temporary restraining order and a preliminary injunction. To prevail on such a request, the Fifth Circuit instructs that the applicant must demonstrate:

- A substantial likelihood of prevailing on the merits;
- A substantial threat of suffering irreparable injury if the injunction is not granted;
- A potential harm from threatened injury that outweighs any harm to the opponent if the injunction issues; and
- A public interest that is not disserved by issuance of the injunction.

*Palmer v Waxahachie Independent School District*, 579 F3d 502, 506 (5th Cir 2009).

It is entirely possible that an applicant may fail to secure a temporary restraining order on an ex parte basis and nonetheless establish entitlement to a later preliminary injunction. Viz. *Bar J-B Co v Texas Department of Transportation*, 2018 WL 2971138, at *1 (ND Tex) (denying temporary restraining order but setting a preliminary injunction hearing). But in all instances, "injunctive relief is an extraordinary remedy that requires the applicant to unequivocally show the need for its issuance." *Valley v Rapides*

*Parish School Board*, 118 F3d 1047, 1050 (5th Cir 1997). The Fifth Circuit has made quite clear that preliminary injunctions and temporary restraining orders constitute "extraordinary and drastic remed[ies]," which are "not to be granted routinely, but only when the movant, by a clear showing, carries the burden of persuasion." *White v Carlucci*, 862 F2d 1209, 1211 (5th Cir 1989) (citations and quotations omitted). More precisely, the applicant must prove all four requirements above while bearing the burden of proof on each. *Palmer* 579 F3d at 506.

In addition, under Rule 65(b)(1) of the Federal Rules of Civil Procedure, a court may issue a temporary restraining order without notice to the other party or its attorney only where "(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required."

3.  Analysis

The Court has considered Flotek's complaint, attachments to that complaint, and temporary restraining order application. The Court has also reviewed and considered applicable law. The Court finds that Flotek has not made the showing necessary for the issuance of an ex parte temporary restraining order. The Court reserves judgment on the request for preliminary injunction, which decision will follow appropriate service of process, appearance by the defendants, their briefing in response, and a later hearing.

Guide Energy and the individual defendants should take no comfort from this ruling, for on the present record, it does appear to the Court that a breach and misuse of Flotek's confidential information has occurred. As such, Flotek has demonstrated a substantial likelihood of success on the merits. And the Court also agrees with Flotek that the public interest favors protection of trade secrets. *Baker Hughes Inc v Homa*, 2011 WL 13244529, at *1 (SD Tex). Yet these points alone are not enough.

The main problem is Flotek's delay in seeking relief. "Delay in seeking a remedy is an important factor bearing on the need for a preliminary injunction. Absent a good explanation, a substantial period of delay militates against the issuance of a preliminary injunction by demonstrating that there is no apparent urgency to the request for injunctive relief." *Daily Instruments Corp v Heidt,* 998 F Supp 2d 553, 570 (SD Tex 2014), quoting *Wireless Agents, LLC v T–Mobile, USA, Inc,* 2006 WL 1540587, at *4 (ND Tex) (quotations omitted).

This links directly to the Court's consideration of the potential for immediate, irreparable harm if Flotek does not receive its requested relief. "Evidence of an undue delay in bringing suit may be sufficient to rebut the presumption of irreparable harm." *Wireless Agents LLC* 2006 WL 1540587, at *4, citing *Polymer Technologies Inc v Bridwell,* 103 F3d 970, 974 (Fed Cir 1996). But delay will not negate a finding of irreparable harm where the plaintiff has a good explanation. See *PIU Management, LLC v Inflatable Zone Inc,* 2010 WL 681914, at *7 (SD Tex).

Flotek has been on notice of the alleged misconduct since at least August 2019. It is now four months later. It is also mid-December, days before traditional holiday recesses. Simply put, Flotek has not treated this situation with urgency. Perhaps a reason exists for Flotek's manifest delay in filing its complaint and seeking injunctive relief. But none is apparent on the record, and Flotek must prepare to establish the reasons for its delay when attention turns at a later hearing to the motion for preliminary injunction.

The balance of hardships likewise favors denying the temporary restraining order on the same basis. Flotek asserts that absence of relief forces it to continue competing against a company that is siphoning away its customers. Dkt 5 at 26. Yet by its own actions, Flotek has acquiesced to such competition since at least August. This cuts against a finding of substantial hardship in the current procedural posture.

One hardship and threat of irreparable injury that Flotek asserts concerns preservation of evidence. Ibid. But Flotek concedes that all defendants are now under an obligation to

preserve evidence simply by virtue of this litigation. Id at 24. An injunction is thus not necessary to prevent such harm from occurring. And this Court will deal harshly with any party that does not comply with rules concerning the preservation of evidence and forbidding its spoliation.

The Court finds that Flotek has not met its burden to show its entitlement to equitable relief in the form of an ex parte temporary restraining order. As such, that part of the motion is DENIED.

The Court RESERVES decision whether to grant a preliminary injunction until a later time. Flotek must provide notice to the Court when it has accomplished service on the defendants. The Court intends to immediately set a compressed briefing schedule and prompt hearing on the motion for preliminary injunction.

SO ORDERED.

Signed on December 18, 2019, at Houston, Texas.

Hon. Charles Eskridge
United States District Judge